**Chad D. CEDERSTRAND, Plaintiff,**

v.

**Kevin W. LANDBERG, Defendant.**

**Civil No. 4–95–921.**

United States District Court,
D. Minnesota,
Fourth Division.

June 11, 1996.

ing violations of the Fair Debt Collection Practices Act (FDCPA). The matter is before the Court on defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## FACTS

Plaintiff proffered a personal check in the amount of $15.00 to Super Bowl, Inc./Classic Bowl, a bowling alley. The check was subsequently dishonored. Plaintiff's Complaint alleges that Super Bowl, Inc./Classic Bowl transferred the collection account regarding plaintiff's dishonored check to New Business Concept Services, which in turn transferred the account to defendant for collection. In a letter dated December 12, 1994, defendant requested that plaintiff pay the amount of the dishonored check plus penalties imposed pursuant to Minn.Stat. § 332.50.[1] Plaintiff alleges that sending the letter violated the FDCPA.

## ANALYSIS

Defendant contends that plaintiff's Complaint fails to state a claim upon which relief may be granted because (1) plaintiff did not meet the applicable statute of limitations; (2) collection of penalties imposed pursuant to Minn.Stat. § 332.50 is not collection of a "debt" as defined by the FDCPA; (3) a dishonored check is not a "debt" as defined by the FDCPA as a matter of law; (4) plaintiff has not alleged that the dishonored check meets the definition of a "debt" as defined by the FDCPA.

The main issues presented by defendant's motion are whether a dishonored check creates a "debt" as defined by the FDCPA as a matter of law, and whether plaintiff's Complaint properly states a claim that the dishonored check constitutes a debt under the FDCPA.[2] Even assuming a dishonored check is a debt as a matter of law for pur-

Thomas J. Lyons, Jr., Consumer Justice Center, White Bear Lake, MN, for Chad D. Cederstrand.

Kevin William Landberg, Landberg Law Office, Apple Valley, MN, for Kevin W. Landberg.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

TUNHEIM, District Judge.

## INTRODUCTION

Plaintiff, Chad D. Cederstrand, filed a complaint on December 11, 1995, against defendant, attorney Kevin W. Landberg, alleg-

---

1. Minn.Stat. § 332.50, entitled "Civil liability for issuance of worthless check," creates specific rights of recovery for the holder of a dishonored check in addition to the preexisting contractual right to recover the face value of the check.

2. Defendant argues that because he attempted to collect statutory penalties in addition to payment for the value of the dishonored check, and because statutory penalties are not a "transaction" for purposes of the FDCPA, plaintiff fails to state a claim upon which relief may be granted. Plaintiff concedes that the attempt to collect penalties does not create liability under the FDCPA. If an attempt to collect on the dishonored check is a "debt" for purposes of the FDCPA, however, it is of no import that defendant also attempted to collect statutory penalties because defendant's letter would be subject to the FDCPA based on the attempt to collect on the dishonored check.

poses of the FDCPA, plaintiff's Complaint is deficient on its face. There is no allegation that defendant's letter was an attempt to collect a "debt" as defined by the FDCPA; there is only a reference to "alleged outstanding check/s account." Plaintiff includes no factual allegations in his Complaint about the circumstances under which the alleged debt was incurred. There are no facts alleged concerning the proffer of the check to the bowling alley. There is no allegation that the proffer of the check was a "transaction" as defined by the FDCPA. There is no allegation that money, property, insurance or services were the subject of the transaction, or that the transaction was primarily for personal, family, or household purposes. There is no allegation that the check involved an offer or extension of credit.

The FDCPA, enacted as an amendment to the Consumer Credit Protection Act, provides a remedy for consumers subjected to abusive, deceptive, and unfair debt collection practices by third-party debt collectors. A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a "debt" as defined by the Act. *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3rd Cir.1987). The FDCPA defines "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Plaintiff's Complaint fails to allege that defendant was attempting to collect a "debt" as defined by the FDCPA. There is no allegation in the complaint that plaintiff's debt resulted from a "transaction." *See Arnold v. Truemper*, 833 F.Supp. 678, 686 (N.D.Ill.1993) (dismissing for failure to state a claim a complaint which failed to allege that the debt arose out of a transaction; complaint did not allege facts showing that the "debt" was covered by the FDCPA). Plaintiff's complaint does not allege that any transaction from which his debt arose was one involving an offer of extension of credit.

A complaint under the FDCPA which fails to allege an offer or extension of credit fails to state a claim under the FDCPA. *Zimmerman*, 834 F.2d at 1168–69. Furthermore, while plaintiff alleges he is a "consumer" as defined by the FDCPA, he does not allege in his complaint that any transaction involving an offer or extension of credit was undertaken "primarily for personal, family, or household purposes." Plaintiff has therefore failed to state a claim upon which relief may be granted even if he is correct that a dishonored check may be considered a "debt" as defined by 15 U.S.C. § 1692a(5). There is therefore no need to consider defendant's statute of limitations defense.

### ORDER

Accordingly, based on the above and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Docket No. 13] is **GRANTED.**

LET JUDGMENT BE ENTERED ACCORDINGLY.